Harper, J.
delivered the opinion of the Court.
We are of opinion that the devise to Joseph Iiowoll and Sarah Smith must be construed, as if the words had been, after giving to them for life, with remainder to their children, “ and if they, or either of them, should leave no children, or child, then to belong to my other sons and daughters, their heirs and assigns forever: or if either of their children should die before they should marry, or come of age, it is my will that the part of such deceased child should belong to the surviving children of the same parent, if any, and if none, then to my other sons and daughters,” &c.
*444 The devise is awkwardly and obscurely worded, but I have (jouj)l but that this is the true meaning. The difficulty arises ^rom ^le wor^s “ oreither of their children should die before they should marry, or come of age, it is my will that the part of such deceased should belong to the surviving children of them next in law if any, and if none.” These words must be regarded as parenthetical. There can be no doubt, but that the ultimate limitation to the testator’s other sons and daughters must have relation to the events, “ if they or either of them should leave no children or child.” The question is how far it is qualified by the intervening words. The “ share of such deceased,” cannot mean the share of the deceased parent; for it would be absurd to suppose that the whole share or estate of the deceased parent should be limited over on the event of one of his children dying under age and unmarried. It must mean the share of the deceased child, and it is that share which is limited “ to the surviving children of them next in law.” This limitation has no relation therefore to the first events, “ if they or either of them should leave no children or child,” but to the other event of one of the children’s dying under age or unmarried. There is no disposition then in the first event, of their leaving no children, (which was the event which happened in the case of Mrs. Smith, whose share is in question,) but the ultimate one to the testator’s other son's and daughters.
If the words had been, “ and if they or either of them should leave no children or child, or if either of the children should die unmarried, the share of such deceased child to go to their surviving children if any, and if none, then to belong to my other sons, &c.” I think the limitation of the deceased child’s share, must have been construed to mean surviving children of the same parent. The gift to the parents and the limitation to the children, was of several interests, each parent, and each family of children taking the specified share of the estate. Yet I can well believe that these words would have appeared ambiguous to the testator, and that he might have thought, that the effect of them would be to limit over the deceased child’s share to all the surviving children of both parents, who were spoken of together in the same clause. It was to clear this ambiguity and prevent this effect, that I suppose the testator to have added the words “ next in law;” that is next in blood; their brothers and sisters, children *445 of the same parent. And if there are no children “ next in law,” (children of the same parent) then the limitation is to all the testator’s other sons and daughters. The limitation to the testator’s ■other sons and daughters, relates both to the event of either of the devisees dying without leaving children, or to any child’s dying before coming of age, or marrying, without leaving surviving children of the same parent. It seems to me that this construction gives meaning and consistency to the whole clause, and that it is absolutely incapable of any other.
If I have made a correct construction, there can be no question respecting cross remainders, as was urged in argument. If property were given to two for life, and at their deaths to their children, if both should die without leaving children, then over, here would be cross remainders by necessary implication; nothing being given to the remainder man over, until the death of both without children. So it might be if the word “ both” were omitted, on the apparent intention to give over the whole property together as one estate, which could not be effected till both were dead without children, and not to limit over the respective shares. The principle is explained in Lord Mansfield’s certificate to the Chancellor in Wright v. Holford, Cowp. 34. and in Doe, on the demise of Georges v. Webb, 1 Taunt. 234. But in this case, where the respective shares of the son and daughter are limited over on the contingency of either s dying without children, it is hardly possible that terms could have been selected to exclude more expressly the notion of cross remainders. It follows that on the death of Sarah Smith, her share vested in her brothers and sisters, John Howell, Robert Howell, Mary Weston, Elizabeth Baldrick, and Joseph Howell, or their representatives. Joseph Howell was dead before Sarah Smith, leaving Charles R. Howell, who conveyed to the defendant, his only son. But though Charles R. Howell was the only son and distributee of his father, he was not his legal representative as to personal estate, and nothing vested in him. An executor or administrator is the only legal representative of the personal estate: Charles R. Howell therefore conveyed nothing to the defendant, and the motion for leave to enter up judgment for the plaintiffs is granted.
Motion granted.